# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**RICKY DON OVERBEY**                                                                          **PLAINTIFF**

v.                                                                      **CIVIL ACTION NO. 5:10CV-160-R**

**PAUL BARNES, SOCIAL SECURITY COMMISSIONER**             **DEFENDANT**

## MEMORANDUM AND ORDER

Plaintiff Ricky Don Overbey, a convicted inmate at the Eastern Kentucky Correctional Complex, filed a *pro se* action on a form for filing a civil rights complaint under 42 U.S.C. § 1983/*Bivens v. Six Unknown Fed. Narcotics Agents*. He sues the Commissioner of the Social Security Administration in his official capacity, and in the body of the complaint, he reports filing for Social Security benefits and being denied disability insurance benefits and supplemental security income at various levels. As relief, he seeks "Disability & Back pay."

Despite Plaintiff's filing of the complaint on a § 1983/*Bivens* form, the Court believes that Plaintiff is actually attempting to seek relief from the denial of Social Security benefits under 42 U.S.C. § 405(g), which allows for judicial review of any final decision of the Commissioner of Social Security. Therefore, the Court **CONSTRUES this action as being brought under 42 U.S.C. § 405(g).**

**IT IS ORDERED** that this matter is **referred to Magistrate Judge W. David King** pursuant to 28 U.S.C. § 636(b)(1) for appropriate hearings, if any, findings of fact, and recommendations for disposition.

**IT IS FURTHER ORDERED** as follows:

(1) The **Clerk of Court shall issue summons for Defendant and effect service of process on Defendant, the United States Attorney for the Western District of Kentucky, and the Attorney General of the United States by way of the U.S. Marshal Service** in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

(2) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* L.R. 5.2(d).

(4) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
    Defendant
    U.S. Attorney General
    United States Attorney, Western District of Kentucky
4413.005